**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1819**

IN RE: TRISTAN W. GILLESPIE,

Respondent - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
James K. Bredar, Chief District Judge.  (1:21-mc-00014)

Submitted:  November 8, 2023                              Decided: November 14, 2023

Before KING, THACKER, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Tristan Wade Gillespie, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tristan W. Gillespie, an attorney, appeals the district court's order adopting the disciplinary panel's recommendation and suspending him for six months from practice before the District of Maryland. We vacate and remand for further proceedings.

After a two-year investigation, the disciplinary panel found that Gillespie had violated the Maryland Attorneys' Rules of Professional Conduct ("MARPC"), to which all attorneys barred in the District of Maryland must adhere. Specifically, the panel found that Gillespie (1) failed to adequately communicate with his clients and keep them reasonably informed, as required by MARPC 19-301.2 and 19-301.4; (2) failed to act with candor towards district courts across the country, as required by MARPC 19-303.3; and (3) failed to act with fairness and candor towards opposing counsel during settlement negotiations, as required by MARPC 19-303.4 and 19-304.1. The district court adopted the panel's recommendation and suspended Gillespie for six months.

On appeal, Gillespie contends that neither the panel nor the district court gave him notice that he was subject to discipline based on the panel's finding that he failed to adequately communicate with his clients or keep them reasonably informed. Gillespie argues that, by not fully investigating the facts underlying this charge, the panel and district court made factual errors concerning whether his clients were in fact reasonably informed and involved in their own cases.

"Whether a litigant was afforded due process is a legal question that is reviewed de novo." *U.S. Tr. v. Delafield*, 57 F.4th 414, 419 (4th Cir. 2023), *petition for cert. docketed*, No. 22-1215 (U.S. June 16, 2023). Due process requires that "a lawyer facing suspension

2

or disbarment [be] entitled to notice of the charges for which such discipline is sought and an opportunity to be heard on those issues." *Id.* at 416.

The Supreme Court has explained that attorney disciplinary proceedings are "of a quasi-criminal nature." *In re Ruffalo*, 390 U.S. 544, 551 (1968). "The charge[s] must be known before the proceedings commence." *Id.* Disciplinary proceedings constitute "a trap when, after they are underway, the charges are amended on the basis of testimony of the accused." *Id.*; *see also id.* at 550-51 (determining that attorney "had no notice that his employment of [an individual] would be considered a disbarment offense until after both he and [the individual] had testified at length on all the material facts pertaining to this phase of the case"); *Nell v. United States*, 450 F.2d 1090, 1093 (4th Cir. 1971) (reversing district court's suspension of attorney when "[he] was never made sufficiently aware, until the hearing itself, of the charge against him"). Though due process does not require that an attorney be informed of the precise professional rules that he is alleged to have violated, he must receive adequate notice "of the conduct for which he was being accused and the sanctions that were being sought." *Delafield*, 57 F.4th at 420.

We conclude that the district court failed to provide adequate notice to Gillespie of its intent to rely on the adequacy of his communication with, and representation of, his clients as part of its determination of whether to discipline him. Our review of the record reveals that the disciplinary panel first expressed concerns about the scarcity of Gillespie's communications with his clients at an evidentiary hearing. However, neither the disciplinary panel nor the district court ever explicitly notified Gillespie that this conduct could subject him to discipline. Moreover, given the lack of notice, Gillespie did not have

3

an opportunity to respond to this client-focused charge before the panel's recommendation. Because "charges [may not be] amended on the basis of testimony of the accused," *In re Ruffalo*, 390 U.S. at 551, we cannot find harmless the district court's failure to provide Gillespie with adequate notice that his communications with his clients, or the lack thereof, were a subject of potential discipline.[*]

Accordingly, we vacate the district court's suspension order and remand for further proceedings. We grant Gillespie's motion to file a supplemental brief, and we deny as moot his motion to further accelerate this appeal and to unseal documents. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND*
*REMANDED*

---

[*] On appeal, Gillespie contends that the district court also failed to provide him adequate notice of its intent to discipline him based on the panel's finding that his settlement demands were misleading to opposing counsel, specifically because the demands suggested that Gillespie's clients owed attorney's fees when, in reality, his clients owed fees only if the cases settled. In the disciplinary panel's view, Gillespie's settlement demands misled opposing counsel into believing that his clients owed attorney's fees that the clients had never actually incurred. Our review of the record, however, confirms that the Gillespie received ample notice that the panel was concerned with the misleading nature of his settlement demands and agreements. Thus, we reject this claim.